# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY JAY KAPRELIAN,

        Plaintiff,

v.                                         Case No. 09-C-609

INVESTIGATOR BOWERS, INVESTIGATOR SCHAUER,
INVESTIGATOR RUSFELDT, OFFICER JAROSZ,
OFFICER KLAUS, MOUNT PLEASANT POLICE DEPARTMENT,
VILLAGE OF MOUNT PLEASANT, and OFFICER RELICH,

        Defendants.

## ORDER

The plaintiff, Timothy Jay Kaprelian, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on a claim that the defendants, in the process of a criminal investigation, searched his residence and unreasonably seized pornographic films and books in violation of the Fourth and Fourteenth Amendments, and a claim that one or more of the defendants viewed the pornographic films in violation of the First, Fourth, and Fourteenth Amendments. The plaintiff has filed several motions which will be addressed herein.

**Plaintiff's Motion for Interlocutory Summary Judgment**

On January 25, 2010, the plaintiff filed a motion for interlocutory summary judgment pursuant to Federal Rule of Civil Procedure 56(d)(2) in which he seeks to establish the defendants' liability on all constitutional claims. According to the

plaintiff, the complaint contains sufficient factual matter to conclude that the defendants are liable for the misconduct alleged and the legal conclusions set forth in the complaint give rise to an entitlement to relief.  The plaintiff further asserts that, after reviewing the defendants' answer, liability is settled without the aid of a jury and he must prevail as a matter of law.

The defendants contend that the plaintiff has failed to meet his burden of establishing that there is no genuine issue of material fact because he impermissibly rests exclusively on the allegations of his complaint to argue the proposition that no rational trier of fact could find for the defendants and because he has produced absolutely no evidence and has cited no specifically pertinent cases beyond the allegations incorporated in his complaint in support of his claims.  According to the defendants, the uncorroborated allegations set forth in the complaint raise a genuine issue of fact as to the plaintiff's credibility, which would be appropriate for a jury, and, based on the defendants' answer and statutorily-based affirmative defenses, at this time, where discovery has just begun, there clearly may be multiple issues of triable fact in the case.

A district court must grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The court may render an interlocutory summary

judgment on liability alone, even if there is a genuine issue on the amount of damages. Fed. R. Civ. P. 56(d)(2).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported summary judgment motion "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).

The plaintiff filed his motion for summary judgment on January 26, 2010, shortly after the court issued the January 13, 2010 Scheduling Order setting the deadline for discovery at April 8, 2010, and the deadline for filing dispositive motions at May 10, 2010. While the plaintiff may file a motion for summary judgment at any time until 30 days after the close of all discovery, *see* Fed. R. Civ. P. 56(c), in this case it is not clear why he filed the dispositive motion before conducting discovery, especially since he has been engaging in discovery since filing his motion for summary judgment. The plaintiff has not shown that he is entitled to judgment on liability for his constitutional claims because he has offered no evidence supporting

-3-

his claims. The plaintiff relies on his complaint. The defendants filed an answer to the complaint denying claims and setting forth eighteen affirmative defenses. The plaintiff has not addressed in substance any of these affirmative defenses, and instead simply reiterates the allegations of the complaint. Accordingly, his motion for interlocutory summary judgment will be denied. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (a "[p]laintiff may not rely only on the bare assertions of his pleadings") (quoting *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 651 (7th Cir. 2006)).

### Plaintiff's Discovery Motions

On February 5, 2010, the plaintiff filed "Notice of Intent to Take Depositions Upon Written Questions," in which he moves the court for an order granting him leave to take written depositions of the defendants and ordering the defendants to appear to respond to the interrogatories. Leave of the court is not required for the plaintiff to submit interrogatories to the defendants. This motion is, therefore, moot.

On March 26, 2010, the plaintiff filed a motion to compel discovery in which he seeks responses to his document requests and interrogatories that were served on the defendants on February 3, 2010. The plaintiff avers that no answer, response, or objection to his discovery requests were served within 30 days. (Kaprelian Aff. ¶ 4.) On March 16, 2010, the plaintiff served a letter on the defendants seeking a response. (Kaprelian Aff. ¶ 5, Ex. 1.)

The defendants contend that the plaintiff's motion to compel discovery should be denied because he served interrogatories well in excess of the 25 interrogatories permitted under the Federal Rules of Civil Procedure and Eastern District Local Rules. The defendants further contend that the plaintiff has not sought agreement from the defendants to exceed the number of interrogatories, has not attempted to obtain a written stipulation, and has not moved the court for permission to serve additional interrogatories. Contrary to the plaintiff's assertion that the defendants did not answer or respond to his discovery requests, the defendants aver that in correspondence dated February 19, 2010, counsel for the defendants advised plaintiff that the interrogatories received were well in excess of the maximum number of interrogatories allowed by the Local Rules and asked the plaintiff to advise "as to which 25 interrogatories you want answered and we will forward the responses accordingly." (Juettner Aff. ¶ 15, Ex. 12.)

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The plaintiff's interrogatories exceed the limitation set forth in Civil Local Rule 33(a) and, therefore, the court will not compel the defendants to answer any

interrogatories. *See* Civ. L.R. 33(a) (E.D. Wis.)[1] However, the plaintiff also filed a production of documents request and there is no indication that the defendants responded to this request. Rather, it appears that the documents request was included in their response to the request for interrogatories. It is not clear to the court that such inclusion was appropriate. However, given the factual dispute between the parties relative to the defendants' response, the court will provide the plaintiff an opportunity to resubmit his discovery requests to the defendants. Specifically, on or before **June 14, 2010**, the plaintiff may resubmit his request for

---

[1] Civil Local Rule 33(a) provides:

(a) Limitation in Interrogatories.
    (1) Any party may serve upon any other party no more than 25 written interrogatories. The 25 permissible interrogatories may not be expanded by the creative use of subparts.
    (2) For the purpose of computing the number of interrogatories served:
        (A) Parties represented by the same attorney or law firm are regarded as one party.
        (B) Interrogatories inquiring about the names and locations of persons having knowledge of discoverable information or about the existence, location, or custodian of documents or physical evidence do not count toward the 25 interrogatory limit.
    (3) More than 25 interrogatories may be served on a party only if that party agrees in writing or the Court so orders. A party seeking to serve more than 25 interrogatories may move the Court for permission only after seeking the agreement of the party on whom the additional interrogatories would be served. If a party desires to serve additional interrogatories, the party must promptly consult with the party to whom the addition interrogatories would be propounded and attempt to reach a written stipulation as to a reasonable number of additional interrogtories. The stipulation allowing additional interrogatories to be served should not be filed with the Court except in connection with a motion to compel answers. If a stipulation cannot be reached, the party seeking to serve additional interrogatories may move the Court for permission to serve additional interrogatories.
    (4) The Court will not compel a party to answer any interrogatories served in violation of this rule.

production of documents and his request for interrogatories to the defendants. The plaintiff is advised that his request for interrogatories should comply with Civil Local Rule 33(a). The defendants' response to the discovery requests shall be served by **July 16, 2010**. Finally, the defendants filed a motion for summary judgment on May 10, 2010. The plaintiff shall file his response to this motion on or before **August 16, 2010**.

On April 19, 2010, the plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37 based on the defendants' alleged failure to participate in the Scheduling Order. However, based on the foregoing discussion, this motion will be denied.

**Additional Motion**

On March 5, 2010, the plaintiff filed "Motion Challenging the Existence of Consent to Enter the Home," in which he challenges the state court's failure to exclude witnesses who testified regarding a conversation about consent to enter the home on July 1, 2006. The plaintiff asserts that allowing this testimony was erroneous because both witnesses lacked personal knowledge. He requests that this court order that: (1) the state court erred in allowing a report and testimony by the witnesses into evidence at the motion hearing; and (2) his attorney did not provide constitutionally mandated assistance to the plaintiff at the hearing.

By this motion, the plaintiff appears to be challenging the constitutionality of various aspects of his state criminal trial. Although he may be able to pursue such

-7-

Case 2:09-cv-00609-JPS   Filed 05/28/10   Page 7 of 9   Document 48

claims by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254, he may not pursue these claims in this § 1983 action. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for interlocutory summary judgment (Docket #22) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order granting him leave to take written depositions (Docket #26) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order that defendants appear to respond to interrogatories (Docket #26) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion challenging the existence of consent to enter the home (Docket #31) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #38) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (Docket #42) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's may resubmit his request for interrogatories and for productions of documents to the defendants on or before **June 14, 2010**; the defendants shall respond to the discovery requests on or before

**July 16, 2010**; and the plaintiff shall file his response to the defendants' motion for summary judgment on or before **August 16, 2010**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-9-